

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## CENTRAL SECTION

|  |  |  |
|---|---|---|

DAVINCI BIOMEDICAL RESEARCH PRODUCTS, INC.,   :   Civil Action No. 04-CV-40027 (NMG)

       Plaintiff,   :

v.   :   **ANSWER TO COMPLAINT, COUNTERCLAIM, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT TOSHIBA AMERICA MEDICAL SYSTEMS, INC.**

TOSHIBA AMERICA MEDICAL SYSTEMS, INC.,   :

       Defendant.   :

Defendant Toshiba America Medical Systems, Inc. ("TAMS"), answers plaintiff's complaint and says:

### THE PARTIES

1.    Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's complaint.

2.    Defendant TAMS admits that it is a corporation with its principal place of business at 2441 Michelle Drive, Tustin, California.

### JURISDICTION AND VENUE

3.    Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint.

4.    Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint.

## FACTS COMMON TO ALL COUNTS

5.      Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's complaint.

6.      Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's complaint.

7.      Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's complaint, but denies that any such intention was expressed to TAMS prior to the sale of the MRI purchased by plaintiff.

8.      Defendant TAMS admits that plaintiff contacted it to discuss purchasing an MRI. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of plaintiff's complaint.

9.      Defendant TAMS admits that it discussed plaintiff's need for an MRI with plaintiff in March/April 2003.   Defendant TAMS denies the remaining allegations contained in paragraph 9 of plaintiff's complaint.

10.     Defendant TAMS admits that plaintiff indicated its desire to purchase an MRI by May 30, 2003 to perform a study.  Defendant TAMS denies the remaining allegations contained in paragraph 10 of plaintiff's complaint.

11.     Defendant TAMS admits that plaintiff initially expressed an interest in purchasing a 1.5 Tesla MRI.   Defendant TAMS denies the remaining allegations contained in paragraph 11 of plaintiff's complaint.

12.     Defendant TAMS admits that it was not able to deliver an Ultra .70 Tesla MRI to plaintiff by May 30, 2003 because TAMS' Ultra MRIs are not available in .70 Tesla and because

TAMS' Ultra MRIs were a new product at the time and were not available for shipment by May 30, 2003.

13.     Defendant TAMS admits that it was not able to deliver an Ultra .70 Tesla MRI to plaintiff by May 30, 2003 because TAMS' Ultra MRIs are not available in .70 Tesla and because TAMS' Ultra MRIs were a new product at the time and were not available for shipment by May 30, 2003. Moreover, TAMS' Ultra MRI was not priced within plaintiff's expressed budget. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of plaintiff's complaint.

14.     Defendant TAMS admits that it suggested to plaintiff that a used OPART™ unit may meet plaintiff's needs, given plaintiff's expressed budget constraints and technical requirements.

15.     Defendant TAMS denies the allegations contained in paragraph 15 of plaintiff's complaint.

16.     Defendant TAMS admits that the OPART™ eventually purchased by plaintiff was a .35 Tesla open MRI, and that this information was disclosed to plaintiff prior to sale. Defendant TAMS denies the remaining allegations contained in paragraph 16 of plaintiff's complaint.

17.     Defendant TAMS denies that it provided plaintiff with films of blood vessels that it represented were created by the OPART™ unit purchased by plaintiff. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of plaintiff's complaint.

18.     Defendant TAMS admits that it did not provide plaintiff with films taken by the actual OPART™ unit purchased by plaintiff, but that it did provide plaintiff with sample films

taken by another .35 Tesla OPART™, a .35 Tesla Ultra and a 1.5 Tesla EXCELART™. To the extent that paragraph 18 of plaintiff's complaint alleges any improper conduct on the part of defendant TAMS, such allegations are denied.

19.     The May 6, 2003 e-mail from Glen Thornton of TAMS to plaintiff, attached as Exhibit 1 to the complaint, speaks for itself. Defendant TAMS admits that it advised plaintiff that the OPART™ unit eventually purchased by plaintiff was a used MRI unit that had always been owned by TAMS. Defendant TAMS denies the remaining allegations contained in paragraph 19 of plaintiff's complaint.

19.(sic)  The May 19, 2003 quotation from TAMS to plaintiff, attached as Exhibit 2 to the complaint, speaks for itself. Defendant TAMS admits that a TAMS representative advised plaintiff that the unit was not brand new. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 (sic) of plaintiff's complaint.

20.     Defendant TAMS admits that plaintiff agreed to purchase a used OPART™ unit from TAMS for $500,000 in May 2003. Defendant TAMS denies that plaintiff has paid half of the purchase price for the OPART™ unit to TAMS. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of plaintiff's complaint.

20.(sic)  Defendant TAMS admits that it was plaintiff's responsibility to have a suitable facility built for the OPART™ unit, but denies that the facility supplied by plaintiff was suitable to prevent interference with the MRI. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 (sic) of plaintiff's complaint.

NS                                            - 4 -

21.    Defendant TAMS admits that the OPART™ unit sold to plaintiff was delivered to plaintiff by May 30, 2003 and was installed in June 2003. Defendant TAMS denies the remaining allegations contained in paragraph 21 of plaintiff's complaint.

22.    Defendant TAMS admits that its cardiac gating system facilitated imaging of the heart during a "still" point in the heart's cycle. Defendant TAMS denies the remaining allegations contained in paragraph 22 of plaintiff's complaint.

23.    Defendant TAMS denies the allegations contained in paragraph 23 of plaintiff's complaint.

24.    Defendant TAMS admits that plaintiff's OPART™ experienced some component failures and that the replacement parts supplied by TAMS were covered by the OPART™'s warranty. Defendant TAMS denies the remaining allegations contained in paragraph 24 of plaintiff's complaint.

25.    Defendant TAMS denies the allegations contained in paragraph 25 of plaintiff's complaint.

26.    Defendant TAMS admits that plaintiff's OPART™ experienced some component failures. Defendant TAMS denies the allegations contained in paragraph 26 of plaintiff's complaint to the extent they allege improper conduct on the part of TAMS. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of plaintiff's complaint.

27.    Defendant TAMS denies the allegations contained in paragraph 27 of plaintiff's complaint to the extent they allege improper conduct on the part of TAMS. Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of plaintiff's complaint.

NS                                            - 5 -

28.    Defendant TAMS admits that plaintiff was experiencing RF interference and other problems at its facility which needed to be resolved before any other potential causes of alleged poor image quality could be examined. Defendant TAMS further admits that at some point well after plaintiff purchased the OPART™, plaintiff advised TAMS that it was experiencing difficulty producing cardiac images.

29.    Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's complaint.

30.    Defendant TAMS denies the allegations contained in paragraph 30 of plaintiff's complaint.

31.    Defendant TAMS admits that in December 2003, it arranged a visit for representatives of plaintiff to see the cardiac capabilities of a similar .35 Tesla OPART™ in Albany, New York. Defendant TAMS denies the remaining allegations contained in paragraph 31 of plaintiff's complaint.

32.    Defendant TAMS admits that in December 2003, it arranged a visit for representatives of plaintiff to see the cardiac capabilities of a similar .35 Tesla OPART™ in Albany, New York. Defendant TAMS denies the remaining allegations contained in paragraph 32 of plaintiff's complaint.

33.    Defendant TAMS admits that representatives of plaintiff visited a facility in Albany, New York which housed a similar .35 Tesla OPART™. Defendant TAMS denies the remaining allegations contained in paragraph 33 of plaintiff's complaint.

34.    Defendant TAMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of plaintiff's complaint.

NS                                               - 6 -

## COUNT I – BREACH OF CONTRACT

35.     Defendant TAMS repeats its answers to the allegations of paragraphs 1 through 34 of plaintiff's complaint as if set forth at length herein.

36.     Defendant TAMS denies the allegations contained in paragraph 36 of Count I of plaintiff's complaint.

## COUNT II – GOOD FAIR AND FAIR DEALING

37.     Defendant TAMS repeats its answers to the allegations of paragraphs 1 through 36 of plaintiff's complaint as if set forth at length herein.

38.     Defendant TAMS denies the allegations contained in paragraph 38 of Count II of plaintiff's complaint.

## COUNT III – BREACH OF WARRANTY

39.     Defendant TAMS repeats its answers to the allegations of paragraphs 1 through 38 of plaintiff's complaint as if set forth at length herein.

40.     Defendant TAMS denies the allegations contained in paragraph 40 of Count III of plaintiff's complaint.

41.     Defendant TAMS denies the allegations contained in paragraph 41 of Count III of plaintiff's complaint.

42.     Defendant TAMS denies the allegations contained in paragraph 42 of Count III of plaintiff's complaint.

## COUNT IV – CHAPTER 93A, SECTIONS 2 AND 11

43.     Defendant TAMS repeats its answers to the allegations of paragraphs 1 through 42 of plaintiff's complaint as if set forth at length herein.

44.    The allegations contained in paragraph 44 of Count IV of plaintiff's complaint state legal conclusions to which no response is required.

45.    Defendant TAMS denies the allegations contained in paragraph 45 of Count IV of plaintiff's complaint.

46.    Defendant TAMS denies the allegations contained in paragraph 46 of Count IV of plaintiff's complaint.

47.    Defendant TAMS denies the allegations contained in paragraph 47 of Count IV of plaintiff's complaint.

48.    Defendant TAMS denies the allegations contained in paragraph 48 of Count IV of plaintiff's complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief may be granted as to this defendant.

### SECOND AFFIRMATIVE DEFENSE

The allegations contained in the complaint are barred by the statute of limitations and the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

The injuries complained of by plaintiff, if any, were caused by third parties over whom this defendant has no control or right of control.

### FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by plaintiff were caused or contributed to by the acts of plaintiff or by other circumstances beyond the control of TAMS.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to mitigate its damages and TAMS therefore bears no liability for damages that could otherwise reasonable have been avoided or prevented.

## SIXTH AFFIRMATIVE DEFENSE

The claims of plaintiff as against TAMS fail for lack of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's Chapter 93A claim is barred because the actions complained of did not occur primarily and substantially in Massachusetts.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to give timely notice of any alleged breach of warranty.

## NINTH AFFIRMATIVE DEFENSE

TAMS alleges that any and all implied warranties that may form the basis for plaintiff's claims for relief were adequately disclaimed by TAMS.

## TENTH AFFIRMATIVE DEFENSE

TAMS was in full compliance with any and all expressed warranties provided to plaintiff, and plaintiff's recovery, if any, is limited by the terms of the TAMS' express warranty.

## ELEVENTH AFFIRMATIVE DEFENSE

TAMS denies that plaintiff relied on any warranties alleged in the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

TAMS reserves its right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

## COUNTERCLAIM

Defendant-Counterclaimant    Toshiba    America    Medical    Systems    ("TAMS"), counterclaims against plaintiff DaVinci Biomedical Research Products, Inc. as follows:

### COUNT I – BREACH OF CONTRACT

1.      In May 2003, plaintiff agreed to purchase a used OPART™ unit from TAMS for $500,000.

2.      To date, plaintiff has made payments totaling $240,000 to TAMS for the OPART™ unit.

3.      Plaintiff is still in possession of the OPART™ unit, and has not returned the OPART™ unit to TAMS.

4.      Plaintiff has not paid TAMS the balance owing on the contract between plaintiff and TAMS, $260,000.

WHEREFORE, TAMS respectfully requests judgment on its counterclaim against plaintiff:

a.      Entering judgment in the amount of $260,000 against plaintiff for breach of contract;

b.      Awarding TAMS its attorneys' fees and costs relating to this action; and

c.      Such other and further relief as the Court shall deem just and proper.

NS                                        - 10 -

**JURY DEMAND**

TAMS hereby demands a trial by jury.

Respectfully submitted,

TOSHIBA AMERICA MEDICAL
SYSTEMS, INC.

By Its attorneys,

Kenneth C. Pickering, BBO #634121
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: April 2⁵, 2004

John A. Ridley, Esq.
DRINKER BIDDLE & REATH LLP
A Pennsylvania Limited Liability
Partnership
500 Campus Drive
Florham Park, New Jersey  07932-1047
(973)360-1100

NS

- 11 -

<u>CERTIFICATE OF SERVICE</u>

I, Kenneth C. Pickering, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Roy A. Bourgeois, Esq. and Robert S. White, Esq., Bourgeois, Dresser, White & Beard, 4 Dix Street, Worcester, MA 01453.

Dated: April 28, 2004

Kenneth C. Pickering

NS