UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

| | |
|---|---|
| DAVINCI BIOMEDICAL RESEARCH PRODUCTS, INC.,<br>　　　Plaintiff<br><br>V.<br><br>TOSHIBA AMERICA MEDICAL SYSTEMS, INC.,<br>　　　Defendant | Civil Action No. 04-CV-40027 (FDS) |

## STIPULATION AND CONSENT PROTECTIVE ORDER

The parties hereby stipulate and agree that this Stipulation and Consent Protective Order shall govern the production, inspection, copying and disclosure of documents and information produced by defendant Toshiba America Medical Systems, Inc. ("TAMS") and plaintiff DaVinci Biomedical Research Products, Inc. (hereinafter "DaVinci") and, to the extent necessary, documents and information produced by any non-party in response to any subpoena(s) issued in connection with this matter. TAMS and DaVinci are jointly referred to herein as the "Parties."

The Parties acknowledge that, in the course of this litigation, certain information may be produced by entities and/or individuals who are not parties to this litigation, and that those non-parties may require the protection of this Order with respect to protection of confidential and/or proprietary information being produced by them herein.

The Parties further stipulate and agree that the information disclosed and produced by the Parties or by any non-party, which is designated by the Party or non-party as set forth herein,

shall be used by the Parties solely for purposes of this litigation and pursuant to the following provisions:

A. Non-disclosure:

1. The Parties, and any non-party, shall have the right to designate any document or information which contains confidential and/or proprietary business information, research project information, personnel information, trade secrets and/or information subject to a legally protected right of privacy (hereinafter collectively "Information"), as "Confidential" or as "Restricted for Counsel's Eyes Only" ("Restricted"). As used herein, "Confidential" or "Restricted" Information may include papers, tapes, documents, discovery responses, computer images, disks, diskettes and other tangible things produced by any party or non-party obtained in connection with this action; transcripts of depositions herein and exhibits thereto and copies, extracts, databases and complete or partial summaries or indexes prepared from such papers, documents or things.

2. Information produced by a party to this action or, to the extent applicable, any non-party in response to any subpoena, which is marked "Confidential" shall not be disclosed, discussed with, or used by, anyone except:

(a) Attorneys of record for the Parties, including partners and associates in that law firm;

(b) Employees of any law firm appearing of record in this action including paralegals and secretaries who are actively engaged in the within litigation;

(c) Independent experts retained by any party for purposes of assisting the parties and their attorneys in the preparation and presentation of the claims or defenses in this case;

(d) Any person who has prepared or assisted in the preparation of any particular document produced by the parties;

2

(e) Persons to whom copies of the documents were addressed or delivered;

(f) The parties to this action; and

(g) Court reporters, or others present at trial or depositions held in this matter with the consent of counsel.

3. Information produced by a party to this action or, to the extent applicable, any non-party in response to any subpoena, which is marked "Restricted" shall not be disclosed to, discussed with, or used by anyone except:

(a) Attorneys of record for the Parties, including partners and associates in that law firm;

(b) Employees of the Parties' law firms, including paralegals and secretaries who are actively engaged in the within litigation; and

(c) Officers, directors, managers and in-house counsel of Defendant; and

(d) Court reporters, or others present at trial or depositions held in this matter, subject to further Orders of the Court with respect to the use of such information.

4. With the exception of those persons covered by ¶2(a), (b) and (g) and ¶3(a), (b), and (d), any party desiring to disclose Information covered by this Protective Order to any other individual must first notify the other party and/or the non-party who produced the Information in writing and identify the intended recipient of the Information. If the other party or the non-party objects to such disclosure to such identified person, it must notify the other party in writing or by telephone within five (5) business days of the receipt of such written identification, and may within ten (10) days thereafter apply to the Court for any limitation, restriction or protective order as may be deemed necessary with respect to disclosure to said individuals. In such event, no Information shall be disclosed in whole or in part until the expiration of said period or the

judicial adjudication of any objection, whichever is later. In the event disclosure is authorized or approved to said identified individual, then each such individual shall first be given a copy of this Protective Order by the party's or non-party's attorney and be required to read it, be bound by its terms and shall execute the attestation attached hereto as Exhibit A. All signed attestations shall be maintained by counsel for the party disclosing the information and shall be available to counsel for the other party in the event there is a good faith belief by counsel that there may have been a violation of this Order.

5. Each person to whom disclosure of Information is made pursuant to the terms of this Protective Order shall subject itself to the jurisdiction of this Court for the purpose of contempt or other proceedings in the event of any violation of this Stipulation and Consent Protective Order.

B. <u>Dispute Regarding Designation</u>:

If a party disputes the designation of Information as being "Confidential" or "Restricted," that party shall advise the other party in writing of the objection, and the party designating the Information as being "Confidential" or "Restricted" shall within ten (10) days set forth in writing the basis for the designation. If the dispute cannot be resolved, the party objecting to the "Confidential" or "Restricted" designation shall bear the burden of applying to the Court for the entry of an appropriate Order, with the designating party bearing the burden of persuasion. All documents designated "Confidential" or "Restricted" shall remain so designated until they are redesignated by counsel or the issue is resolved by the Court.

C. <u>Return of Documents</u>:

Upon completion of this litigation, all documents and Information produced by the Parties or non-party, all copies thereof, and all other documents marked "Confidential" and "Restricted" shall be returned to the attorneys for the producing party, or the non-party, or, upon consent, shall be destroyed (and certified by affidavit as having been destroyed) by the Receiving Party within thirty (30) days of the filing of the Stipulation of Dismissal or the filing of any other Order or pleading finally dismissing the case. It is the duty of the attorneys for the Receiving Party to ensure that the aforesaid affidavit is produced or all documents are in fact returned within the relevant time frame.

D. <u>Documents Filed With The Court</u>:

All documents within the scope of this Stipulation and Consent Protective Order that are filed by any party with the Court shall be filed in a sealed envelope bearing the caption of this action and containing the following notice "Confidential, Sealed by Stipulation and Consent Protective Order." These documents shall be made available for inspection only by the Court or other appropriate persons pursuant to the terms of this Protective Order.

E. <u>Depositions</u>:

All depositions in this matter shall be deemed "Confidential," subject to the provisions herein. All deposition transcripts and exhibits from depositions taken in this action shall be deemed "Confidential" (except such testimony or exhibit(s), if any, which counsel shall designate as "Restricted" at the time of the taking of the deposition). All transcripts and exhibits from the depositions shall be deemed "Confidential" for thirty (30) days after first receipt of a copy of said deposition transcript and exhibits by counsel. Counsel shall, during said thirty-day period,

designate by page and line description or exhibit description, those portions of the transcript and exhibits which will thereafter be deemed "Confidential" or "Restricted." If no such designation is made within the thirty-day period, the deposition transcript and exhibits shall not be deemed to contain "Confidential" or "Restricted" information as those terms are used in this Order. This provision shall not preclude a party from designating specific testimony as "Restricted" at the time of the taking of the deposition.

If a dispute arises concerning designation, the procedure set forth in Section B, above, shall be used by the Parties to resolve that dispute.

F. <u>Subpoena</u>

A Party to this action who has "Information" obtained in this action as a Receiving Party, and who is served with a subpoena for the production of any Information by any individual who, or entity which, is not a party to this action shall forthwith give notice of such subpoena to the Producing Party's counsel of record in this action. Such notice shall:

(a) be provided promptly and with sufficient advance notice to enable the Producing Party to file a motion for a protective order or a motion to quash the subpoena; and

(b) include a copy of the subpoena and all attachments thereto or identify the party issuing the subpoena, the specific Confidential or Restricted Information subpoenaed, the requested date of production and the actual date on which the subpoenaed party intends to produce Confidential or Restricted Information pursuant to the subpoena. A Receiving Party served with a subpoena for the production of any Confidential or Restricted Information shall, upon the request of the Producing Party, serve upon the subpoenaing party objections to the production of the Confidential or Restricted Information.

G. No Waiver:

No Party shall be deemed by the entry of this Protective Order to have waived any objection to the production of any document or information on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this action. Nothing in this Protective Order, nor the production by any Party in the action, shall be deemed a waiver of any privilege with respect thereto in any other action or proceeding, or a waiver of any privilege applicable to any information other than the specific information so produced in these actions, or of the right of any Party to these actions to oppose production of any information. In the event of any inadvertent disclosure of any "Confidential" or "Restricted" information, all parties reserve all rights that they may have as a matter of law with respect to such inadvertent disclosure.

H. Inadvertent Production:

Inadvertent production of privileged or arguably privileged Information shall not be deemed to be either (a) a general waiver of the attorney-client privilege, the work product doctrine or any other privilege; or (b) a specific waiver of any such privilege with regard to the documents or Information being produced or the testimony being given. Notice of any claim of privilege as to any document or Information claimed to have been disclosed inadvertently shall be given promptly after the discovery of that inadvertent disclosure and any such documents or Information shall be promptly returned to the Producing Party and the Receiving Party shall make no additional disclosures of the materials. Should the Parties be unable to agree upon the return of such documents and Information because of a good faith argument that no privilege is applicable, the Producing Party asserting the privilege or work product protection shall have the burden of establishing the privilege or work product protection upon motion to the court.

I. <u>Notice to Third Parties</u>:

The Parties shall provide a copy of this Protective Order to third parties upon whom discovery is sought, and provide such third parties the opportunity to designate information they produce as "confidential" pursuant to the terms of this Protective Order.

J. <u>Right to Seek Amendments</u>:

Nothing in this Protective Order shall be deemed to prevent any Party from seeking amendments hereto to restrict the rights of access and use of documents and the Information referred to herein, or to allow access to persons not included within the terms of this Stipulation and Consent Protective Order. Nothing contained herein shall preclude a Producing Party from using or disseminating its own "Confidential" or "Restricted" Information.

*[signature]*
Honorable F. Dennis Saylor, U.S.D.J.

4.11.05